UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DORALIS VADI-ROSADO,
                       Plaintiff,

-v-

KADEN LOPEZ, *et al.*,
                       Defendants.

23-CV-7240 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    On November 25, 2020, Defendants removed this case to this Court from New York state court, invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) provides that district courts have original jurisdiction over cases, *inter alia*, between "citizens of different States."

    However, Defendants have informed the Court that their removal was erroneous as "counsel has provided indicia that Plaintiff is a New York domiciliary," and it is likewise uncontested that Defendants Kaden Lopez and Seniorcare Emergency Medical Services, Inc. are citizens for purposes of the diversity statute of New York state. Therefore, Plaintiff and Defendants are citizens of the same state. (*See* ECF No. 1-1 ("Complaint") ¶¶ 5 – 7.)

    Therefore, the Court lacks subject matter jurisdiction. "[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added).

1

For the foregoing reasons, this case is remanded to New York Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: August 25, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge